UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CASE NO.  8:11-CV-859-T-17TBM

JEFFREY WOLFERS, et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 35    Motion for Summary Judgment

The Complaint is brought under 26 U.S.C. Sec. 7403, to foreclose the federal tax lien on certain real property, and to sell the property. The property is located at 1458 Colony Place, Venice, Florida ("Subject Property"), and is described as:

> LOT 25, COLONY PLACE SUBDIVISION, as
> per plat thereof recorded in Plat Book 32,
> Pages 42 and 42A, of the Public Records of
> Sarasota County, Florida.

Defendant Jeffrey Wolfers is the taxpayer, and has an interest in the Subject Property based on a Warranty Deed recorded on July 26, 2001 in the Sarasota County public records as Instrument Number 20011066441. Defendant Joanna Restivo-Wolfers, Jeffrey Wolfers' wife, is joined as a person who claims or may claim an interest in the Subject Property. Defendants Jeffrey Wolfers and Joanna Restivo-Wolfers are proceeding pro se.

Case No. 8:11-CV-859-T-17TBM

The Court notes that Carol Wolfers and William Wolfers were joined as Defendants, but have been dismissed from this case. (Dkts. 5, 7).

Plaintiff United States of America has moved for entry of summary judgment. The case management order informed the parties of the Court's summary judgment procedures. (Dkt. 19). Defendants Jeffrey Wolfers and Joanna Restivo-Wolfers have not filed a response to Plaintiff's Motion for Summary Judgment.

The Court entered an Order to Show Cause directed to Defendants. (Dkt. 37). Defendants have not filed a response the Court's Order to Show Cause.

Plaintiff United States of America has filed a Statement of Undisputed Facts. (Dkt. 35, pp. 2-5). Since Defendants did not identify material disputed facts, the Court rules on the Motion for Summary Judgment on the basis of those Undisputed Facts.

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> "The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Case No. 8:11-CV-859-T-17TBM

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248.  But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted."  Id. at 249-50.

II.  Discussion

A.   **Defendant Jeffrey Wolfers Has Outstanding Federal Income Tax Liabilities For 1999 and 2000**

The Court notes that, after this case was commenced, Defendant Jeffrey Wolfers filed Form 1040 income tax returns for 1999, 2000 and 2001.  (Exhibits 2,3,4).

The United States of America argues that the undisputed material facts establish that Defendant Jeffrey Wolfers has assessed and unpaid income tax liabilities in excess of $371,361 for the years 1999 and 2000.  This amount is the result of the amount of unpaid taxes reported on Defendant Wolfers' Form 1040 forms for 1999 and 2000, taking into account the unavailability of foreign tax credits claimed by Defendant, and the interest and penalties that continue to accrue.   The United States of America further argues that, as a result of those unpaid assessments, federal tax liens attach to the Subject Property, and United States is entitled to foreclosure and sale of the Subject Property in satisfaction of those liens.

1.  **Unavailable foreign tax credits in 1999 and 2000**

The United States of America argues that 26 U.S.C. Sec. 901(a) allows

Case No. 8:11-CV-859-T-17TBM

taxpayers to elect to claim a credit against their U.S. income tax for amounts paid in foreign income tax, but limits the time to make that election to the "time before the expiration of the period prescribed for making a claim for credit or refund of the tax imposed by this chapter for such taxable year."

Sec. 6511(d)(3) of the IRC (26 U.S.C.) provides that a refund claim based on the availability of foreign tax credits must be made within ten years from the date prescribed by law for the filing of the year's return.  The 1999 and 2000 returns were due April 15, 2000 and April 15, 2001, respectively.  The United States argues that Defendant Wolfers' attempt in October, 2011 to elect foreign tax credits for 1999 and 2000 is outside of the ten year period.  See Chrysler Corp. v. Comm'r, 436 F.3d 644, 656 (6th Cir. 2006).  Since the foreign tax credits are unavailable to Defendant Wolfers, Defendant Wolfers' liability on the assessments against him is as stated by Diane Witten in her declaration.

## 2. Unavailability of overpayment from 2001

The United States of America argues that the overpayment reported on the 2001 Form 1040 is unavailable to be applied to Defendants' liability for any type or period of tax because Defendants did not timely seek application of the overpayment. The United States argues that, in general a claim for credit or refund of an overpayment of tax must be made within three years from the time the return was filed, or two years from the time when the tax was paid.  26 U.S.C. Sec. 6511(a); 26 C.F.R. Sec. 301.6511(a)-1.  See Wachovia Bank v. United States, 455 F.3d 1261, 1264 (11th Cir. 2006).  Since the Form 1040 submitted by Defendants in October, 2011 for the tax year 2001 may be deemed to be both a return and a claim for refund, Defendants' request is timely.

4

Case No. 8:11-CV-859-T-17TBM

The United States further argues that under 26 U.S.C. Sec. 6511(b)(2)(A), a claim for refund filed within three years of the filing of the tax return may only claim a credit or refund of the tax paid within three years before the return is filed.  Vale v. United States, 2009 WL 2841264 *3 (M.D. Fla. June 30, 2009); Cox v. United States, 2000 WL 1521505 *2 (M.D. Fla. Aug. 24, 2000).  The United States argues that the only payment made by Defendant Wolfers towards his 2001 tax was the $198,138 withheld from his 2001 wages.  That withholding is deemed to have been paid on April 15, 2002.  26 U.S.C. Sec. 6513(b)(1).  Any claim for refund, or credit of overpayment of those funds had to have been filed by April 15, 2004.  Defendant Wolfers paid no tax for 2001 within three years of October 7, 2011; therefore Defendant Wolfers' claim for refund or application of any of the 2001 tax payments is barred.  The United States argues that the overpayment from the Wolfers' 2001 tax year cannot be applied to the Wolfers' 1999 and 2000 liabilities.  See Brady v. Comm'r, 136 T.C. 422, 427-28 (T.C. 2011).

After consideration, the Court **grants** Plaintiff's Motion for Summary Judgment as to the above issues.

## B. Foreclosure of Federal Tax Lien

Pursuant to 26 U.S.C. Sec. 7403(a), the Court has jurisdiction to enforce a lien and subject a property to payment of tax where the United States brings suit at the request of the Secretary of the Treasury to enforce a tax liability.  Federal tax liens arose and attached to all property and rights to property owned by Defendant Jeffrey Wolfers at the time of the assessment made against him.  26 U.S.C.  Secs. 6321, 6322.

26 U.S.C. Sec. 7403(c) allows the Court to finally determine all claims upon or liens to the subject property, to decree a sale of the property if appropriate, and to determine the distribution of the proceeds of the sale.

5

Case No. 8:11-CV-859-T-17TBM

The Court notes that title to the Subject Property is held in the names of Jeffrey Wolfers and Joanna Restivo-Wolfers as tenants by the entireties.  Defendant Jeffrey Wolfers has an interest in the Subject Property to which the United States' tax lien attaches.  See United States v. Craft, 535 U.S. 274, 288 (2002).

Plaintiff United States of America seeks entry of summary judgment in favor of Plaintiff, authorizing the United States to foreclose its tax liens on Defendant Jeffrey Wolfers' interest in the Subject Property, and order the sale of the same for the collection of Defendant Wolfers' assessed but unpaid federal tax liabilities.

After consideration, the Court **grants** Plaintiff's Motion for Summary Judgment. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 35) is **granted**; the United States of America **is authorized** to foreclose its tax liens on Defendant Jeffrey Wolfers' interest in the Subject Property, and the Court **directs** that the Subject Property be sold pursuant to a further order of sale to be issued by this Court.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this _30TH_ ____ day of October, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6